# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **Jennifer Wright,** | ) CASE NO. 1: 17 CV 2150 |
| Plaintiff, | ) |
| | ) JUDGE PATRICIA A. GAUGHAN |
| v. | ) |
| | ) |
| **State of Ohio,** *et al.*, | ) <u>Memorandum of Opinion and Order</u> |
| | ) |
| Defendants. | ) |

## Introduction

*Pro se* Plaintiff Jennifer Wright has filed a fee-paid complaint in this case against the State of Ohio; Ohio Secretary of State Jon Husted; Cuyahoga County; the Cuyahoga County Court of Common Pleas; Cuyahoga County Judge Kathleen Ann Sutula; Assistant County Prosecutor Shannon Raley; Prosecuting Attorney Michael O'Malley; Mayfield Heights Mayor Anthony DiCicco; the Mayfield Heights Police Department; Police Chief Fred Bittner; Police Officers Robert Cunningham, John Doe Rzeszut, Donnavin Paquette, and Van Snider; and Attorney Oscar Rodriguez. (Doc. No. 1.)

Although the plaintiff's complaint consists predominately of conclusory legal assertions and rhetoric unconnected to any alleged facts, it clearly pertains to a state criminal case against her. She alleges that on August 8, 2017, she "made a special appearance in the Cuyahoga County Court of Common Pleas," and that, "[t]hrough threat and coercion, [she] plead guilty to the alleged crime and was carried away to imprisonment." (*Id*. at ¶ 12.) She alleges each defendant "exceeded his jurisdiction" in causing her "to be unlawfully and forcefully carried away and imprisoned against her will." (*Id*. at ¶ 3.)

Although she does not specifically reference it in her complaint, the plaintiff's action must pertain to *State of Ohio v. Jennifer Wright*, Case No. CR-17-615538 (Cuyahoga County Court of Common Pleas), which resulted in her current imprisonment. The plaintiff was indicted and charged in that case with multiple counts of identity fraud, forgery, theft, obstructing official business, and possessing criminal tools. The case was assigned to Judge Sutula. Shannon Raley, an Assistant County Prosecutor in the office of Cuyahoga County Prosecutor Michael C. O'Malley, prosecuted the case. The plaintiff retained defendant Oscar Rodriguez as her counsel.

According to the docket in the case, the plaintiff eventually withdrew not-guilty pleas and entered guilty pleas to possessing criminal tools, as charged in Count 6 of the indictment, and to identity fraud as charged in Count 8. On August 8, 2017, she was sentenced by Judge Sutula to twelve months on Count 6 and twelve months on Count 8, with the sentences to run consecutively. On August 28, 2017, plaintiff filed a notice of appeal to the Ohio Court of Appeals for the Eighth Judicial District. *See State of Ohio v. Jennifer Wright*, Court of Appeals Case No. CA-17-106175. That appeal is still pending.

Plaintiff filed this case on October 11, 2017, seeking release from prison, and monetary, declaratory and injunctive relief, for defendants' alleged "violation of [their] oath of office, trespass, trespass on the case, wrongful imprisonment, treason, and perjury." (Doc. No. 1 at ¶¶ 1, 59-69.)

The State, County, and City defendants have all filed motions to dismiss the plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. Nos. 6, 8, and 11.) Defendant Rodriguez filed an answer denying the plaintiff's allegations and asserting that her complaint fails to allege any plausible claim. (Doc. No. 18). The plaintiff has responded to the

defendants' motions, and she has filed a "motion for default judgment" on the basis that "[t]he court previously denied [the defendants'] Motions to Dismiss this action based on the [defendants'] frivolous arguments." (Doc. No. 14).

For the reasons stated below, the plaintiff's motion for default is denied, the defendants' motions to dismiss are all granted, and this action is dismissed.

**Analysis**

The plaintiff's motion for default judgment is denied because all of the defendants have defended against the plaintiff's action, and the Court finds no basis warranting default judgment under Fed. R. Civ. P. 55. There is also no basis for the plaintiff's assertion that this Court "previously denied" the defendants' motions to dismiss. The Court has yet to rule on those motions.

Further, upon the Court's review of the defendants' motions and the plaintiff's complaint, the Court agrees with the defendants that the complaint must be dismissed for failure to state any plausible federal claim.

To survive a dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint "must present 'enough facts to state a claim to relief that is plausible on its face'" when its factual allegations are presumed true and all reasonable inferences are drawn in the non-moving party's favor. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). This requires the plaintiff to set forth factual allegations sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although pleadings and documents filed by *pro se* litigants are "liberally construed" and held to a less stringent standard

than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *pro se* plaintiffs must still meet basic pleading requirements and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

Even if the plaintiff's complaint could be construed as asserting some federal constitutional claim or claims, it must be dismissed under Rule 12(b)(6) because it does not set forth allegations suggesting what specific wrongful conduct each defendant allegedly engaged in to violate her rights, or what specific constitutional right each defendant violated. This Court is not required to "conjure up unpleaded facts to support [the plaintiff's] conclusory allegations." *See Perry v. United Parcel Service*, 90 F. Appx. 860, 861, 2004 WL 193203, at *1 (6th Cir. 2004) (affirming dismissal of a *pro se* complaint). Where a person is named as a defendant without an allegation of specific conduct, the complaint against him is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights). Neither the plaintiff's complaint, nor any of her subsequent filings, set forth discernible allegations of specific conduct against any of the defendants.

The complaint fails to allege any plausible federal claim for additional reasons as well.

First, to the extent the plaintiff seeks release from prison, she has alleged no cognizable claim because her sole federal remedy for this relief is a writ of *habeas corpus*. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Wershe v. Combs*, 763 F.3d 500, 504 (6th Cir. 2014) ("Where the relief sought is a determination that he is entitled to immediate release or a speedier release from that imprisonment, the prisoner must pursue relief through a writ of *habeas corpus*,

not through § 1983.") (citation omitted).

Second, to the extent the plaintiff seeks monetary, injunctive, and declaratory relief related to rights violations arising during her state criminal proceeding, her claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). *Heck* held that a state prisoner cannot make a cognizable damages claim under § 1983 for an allegedly unconstitutional conviction, or for any other "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless the prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*." *See also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997); *Wilson v. Kinkela*, 145 F.3d 1335, 1998 WL 246401, at *1 (6th Cir. 1998) (extending *Heck* to actions seeking declaratory and injunctive relief). The plaintiff's allegations, though unspecific and conclusory, clearly seek to call into question the validity of her state conviction upon her guilty plea. Therefore, her action is barred by *Heck* unless and until she demonstrates that her conviction has been set aside or invalidated in one of the ways *Heck* articulates. Nothing in the plaintiff's complaint suggests this has happened. Indeed, the state court docket indicates her direct appeal is still pending in the Eighth District Court of Appeals.

Third, even if some sufficiently-specific federal civil rights violation that was not barred by *Heck* were alleged, most of the named defendants in the case enjoy immunity, or could not be sued for such violation under § 1983. *See, e.g.,* Doc. No. 8 at 5-7 (the Eleventh Amendment bars plaintiff's suit against the State of Ohio and Ohio Secretary of State); Doc. No. 6 at 5-7 (the Cuyahoga County Court of Common Pleas is not *sui juris*, and the state court judge and county

prosecuting attorneys are immune from the suit in connection with their roles in the plaintiff's criminal case); *Jordan v. Kentucky*, No. 3: 09 CV 424, 2009 WL 2163113, at *4 ( W.D. Ky. July 16, 2009) (a defense attorney, regardless of whether he is a public defender or a private attorney, is not a state actor and cannot be sued for purposes of § 1983).

Finally, the plaintiff has failed to allege any plausible claim against the City of Cleveland or Cuyahoga County because local governments may be liable under § 1983 only when their own official policy or custom causes a constitutional violation. *Wooten v. Logan*, 92 F. App'x 143, 145 (6th Cir. 2004). The plaintiff's complaint does not plausibly suggest that any policy or custom of the City of Cleveland or Cuyahoga County caused a deprivation of her constitutional rights.

**Conclusion**

For all of the foregoing reasons, the plaintiff's complaint fails to state any plausible federal claim against any defendant in this case. Accordingly, the defendants' motions to dismiss (Doc. 6, 8, and 11) are all granted, the plaintiff's motion for a default judgment (Doc. No. 14) is denied, and the plaintiff's complaint is dismissed as against all defendants. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed.R.App.P. 22(b); 28 U.S.C. § 2253.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Dated: 3/12/18                    Chief Judge

-6-